Eugene F. Brodie vs. James E. Kiggin.

FEBRUARY 1, 1937.

Present: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Flynn, C. J.   This is an action in assumpsit to recover for services rendered by the plaintiff, as attorney at law, for the defendant.   The case was tried before a justice of the Superior Court sitting with a jury, and resulted in the jury's verdict for the plaintiff in the sum of $201.03.   The defendant duly filed a motion for a new trial which was heard and denied by the trial justice, and to this denial the defendant excepted.   The case is before this court upon the defendant's amended bill of exceptions, as allowed by the trial justice, which includes the following three exceptions:   (1) To the denial by the trial justice of the defendant's motion for a direction of verdict in his favor;  (2) to the denial of the defendant's motion for a new trial; and (3) to the court's ruling, allowing the plaintiff to refresh his memory by reading a certain memorandum.

The declaration includes special counts, based upon an oral contract, as well as the common counts.   The evidence discloses, among other things, that the defendant agreed orally with the plaintiff, to pay him the sum of $275 for certain legal services to be rendered by the plaintiff.   The extent and nature of this agreement, however, were sharply disputed.   The defendant testified that the plaintiff guaranteed to have him appointed as administrator of the estate of Sarah A. Kiggin, deceased, sister of the defendant, and also to perform all legal services necessary in connection with the probate of that estate, and to prosecute cer-

tain other claims, as well as to obtain for the defendant, from other heirs, conveyances of their interests in the real estate of said Sarah A. Kiggin.

The plaintiff, on the other hand, testified substantially that he was engaged by the defendant personally and primarily to obtain conveyances from other heirs of their interests in the real estate of Sarah A. Kiggin, deceased, one-half of which had been inherited from the deceased by the defendant, the other half being inherited by several other heirs; that the institution of probate proceedings in that estate was only incidental to working out the claim of the defendant against the estate and in obtaining the outstanding interests of the other heirs to complete his title; that as far as permitted by defendant, the plaintiff performed all of the services in accordance with his agreement, including considerable correspondence, numerous interviews with the defendant and visits to the bank, and the drawing and obtaining for the defendant of deeds from other heirs of five-ninths of the outstanding interests in the real estate; that he never really represented the administrator or estate in any proceeding, as claimed by the defendant, while acting for the defendant in regard to his claim against the estate; that he was prevented from completing his contract by the action of the defendant in dismissing him; and that he fixed the value of services already performed at $200. Upon this amount, he credited the unexpended balance of the $25, originally advanced by the defendant for costs and disbursements in the probate of the estate, which left a balance due the plaintiff, as he claimed, of $187 with interest, for which he sued. The fair value of the services, which the plaintiff testified he had rendered, was given in evidence by two witnesses, who are practicing attorneys, as being from $200 to $250.

Under the well-recognized rule, upon this motion for a direction of verdict, we must give to the plaintiff the benefit of all the evidence and proper inferences therefrom most favorable to him. So considered, the evidence here

presents a clear conflict which raises material issues of fact to be determined by the jury. In such circumstances, the trial justice properly denied the defendant's motion to direct a verdict in his favor, and the defendant's first exception must be overruled.

The second exception relates to the denial by the trial justice of the defendant's motion for a new trial. The defendant, in his testimony bearing on material issues of the case, was entirely uncorroborated. The plaintiff, in some important details, was corroborated by the defendant and, in others, by the witness Sullivan, and the other attorneys. The case apparently was tried under the common counts on the basis of the value of the services rendered. There was evidence to support the plaintiff's claim of services rendered, and no testimony to contradict the evidence of their fair value was offered by the defendant. The issues were determinable largely upon the credibility of the witnesses, whom the trial justice and jury had the benefit of seeing and hearing as they testified. Any question of whether the plaintiff really acted for the estate, while also representing and acting for the defendant in his claim against the estate, was inquired into thoroughly by the court and defendant's counsel and was covered carefully by the charge of the court. The trial justice has approved the jury's verdict. From a careful reading of the transcript, we cannot say that the verdict is so contrary to the weight of the evidence that the trial justice was clearly wrong in denying the defendant's motion for a new trial. The defendant's second exception, therefore, is overruled.

The third exception relates to the court's ruling, permitting the plaintiff to read a typed memorandum for the purpose of refreshing his recollection. Before doing so, the court and counsel participated in a close examination of the plaintiff to explain the loss of the original notes from which the memorandum was typed, and to fix the time, place, purpose and circumstances of its preparation,

and also its necessity to refresh his recollection. It does not appear that the memorandum, as such, was introduced in evidence. No claim is made by the defendant of any fraud, or of any difference between the testimony, based upon the memorandum, and that which was adduced in a previous trial in the District Court where the plaintiff had testified from the original notes. The memorandum apparently was used solely to refresh the plaintiff's recollection, largely because of various dates upon which different services were performed for the defendant. Under the circumstances presented in this case, we cannot agree with the defendant's contention that it was prejudicial error to permit the use of this memorandum by the plaintiff to refresh his recollection. The defendant's third exception, therefore, is overruled.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Harlow & Boudreau,* for plaintiff.
*Oreal Grossman,* for defendant.