JOHN F. KEOUGH *vs.* PATRICK J. DUGGAN.

JANUARY 15, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action of trespass on the case for negligence to recover for personal injuries was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff for $1216.50. The defendant's motion for a new trial was heard and denied by the trial justice, and the case is before us upon the defendant's exception to such ruling and twelve other exceptions to rulings on evidence, to certain portions of the charge as given, and as requested, and to the denial of his motion for a directed verdict.

The accident happened on East avenue, in the city of Pawtucket, in front of the Strand Theatre, in the afternoon of July 1, 1933. East avenue at that place runs about north and south, is some 40 feet wide, and has two electric car tracks; the westerly track for inbound cars to Providence, and the easterly track for outbound cars from that city. The plaintiff testified that it was about 13 feet from the westerly curb to the nearest rail, about 4¾ feet between the rails of each track and about 5 feet between the easterly and westerly tracks at that point. There were automobiles parked along the westerly curb of East avenue to the north of the entrance to the Strand theatre and there was an elec-

tric car on the westerly track, which was stopped at a white pole in front of the theatre, taking on and letting off passengers.

It appears in evidence that the plaintiff, who had been visiting a physician in that vicinity for treatment of an injury to his foot, walked slowly, favoring his injured foot, from the lobby of the theatre across the adjacent sidewalk to the westerly curb; that before he left the sidewalk, he looked to the north (his left) in the direction of Main street, a principal thoroughfare which runs east and west and crosses East avenue some distance north of the place in question, and saw no automobile approaching him from that direction; that he looked to his right and started to cross East avenue, going straight across in an easterly direction; that when he reached a point in the inbound track on East avenue, some 8 feet in front of the southerly end of the stopped electric car, he looked to the south and saw no outbound electric car or any other vehicle coming from that direction which would make it dangerous for him to proceed on his way; that, when he was between the tracks and about a foot past the overhang of the stopped electric car, he then looked to the north along the easterly side of the car in the direction of Main street, and, seeing no automobile coming toward him from that direction, he continued to cross East avenue at a slow and limping walk; that he took only a few steps, reaching about the middle of the easterly or outbound track, when he was struck and thrown to the ground by the defendant's automobile, which had come upon him suddenly from the direction of Main street without sounding any horn or giving other warning signal; that he was struck a "square blow" on his left side but was not sure whether it was the headlight or front of the automobile which hit him.

The evidence further shows that an inspector of the Pawtucket police department secured from the defendant a

statement as to how the accident happened. This inspector, while testifying for the plaintiff, produced two papers to refresh his recollection; one written in pencil, which is confined to notes of the occurrence as related by the defendant shortly after the accident; and the other, a later typed report to the police department, containing statements by both plaintiff and defendant. Both of these papers were later introduced in evidence by the plaintiff without objection from the defendant.

It appears in these statements, as well as from other testimony of the inspector, that the defendant was operating his Essex sedan "south on East avenue about 4:45 p. m. and about 100 feet *opposite* Strand theatre when a man walked from west sidewalk into the path of his car—Duggan said he slowed his car down but the man continued walking and walked into his right front fender and fell to the ground." Undoubtedly the word "opposite" was used with the meaning of "from" the Strand Theatre, because literally it would be meaningless, since East avenue is only about 40 feet wide and the defendant unquestionably was proceeding from north to south, not from east to west.

The defendant did not testify as to the facts respecting the accident or in explanation of the statements which, according to the evidence, he made to the inspector shortly after it occurred. In fact, the defendant chose to close his case without offering any evidence whatever in his own behalf, and moved for a directed verdict, which the trial justice denied.

Defendant's exception one, to the denial of his motion for a directed verdict, is without merit. We have held repeatedly that a verdict is not to be directed for the defendant, if, on any reasonable view of all the evidence and proper inferences therefrom most favorable to the plaintiff, the latter might recover. In the instant case, the evidence includes the statements of the defendant which were ad-

mitted without objection from him but which he now apparently overlooks. It was reasonably open to different conclusions and, therefore, presented material questions of fact for the jury. *Brodie* v. *Kiggin,* 57 R. I. 288, 189 A. 851; *Adams* v. *United Electric Rys. Co.,* 59 R. I. 503, and cases cited.

Defendant's exception two, to the refusal of the trial justice to require the plaintiff to elect the count of the amended declaration on which he was to go to the jury, and exceptions three, four, five and six, to strike out respectively the four counts thereof, are all based upon the alleged lack of evidence to support the respective counts. The trial justice ruled that there was sufficient evidence, taken with legitimate and proper inferences therefrom, to furnish legal evidence in support of the various counts in the plaintiff's declaration. We have examined the evidence, which is substantially uncontradicted, and find that different inferences might reasonably be drawn therefrom by the jury. We therefore find no error in any of these rulings.

Defendant, by his exception seven, contends that the trial justice erred in refusing to instruct the jury to disregard as improper an alleged statement of plaintiff's counsel in his argument to them, to the effect that the defendant told the police inspector that he, the defendant, observed the plaintiff 100 feet before coming to the Strand Theatre. The record does not show the exact statement made by plaintiff's counsel, and the trial justice apparently did not agree that it was made as the defendant asserted or that it was beyond the proper limits of argument. Without more in the record, we cannot say there was prejudicial error in the ruling in question.

The eleventh exception is directed to references made by the trial justice respecting the burden of proof. The defendant contends that such references failed to protect in a proper and sufficient manner the rights of the defendant

upon the issue of his negligence. We have examined this portion of the charge and find that it fairly presented to the jury's consideration the various issues raised by the different counts in the declaration under the evidence before the court. In the absence of any testimony from the defendant himself or from any witness in his behalf, the court was prevented by the defendant's own conduct from referring to his testimony or that of his witnesses concerning the accident. Moreover, the defendant's first, second and sixth requests to charge, which set forth under what circumstances the plaintiff could *not* recover, were given as requested, with such reference to the evidence actually before the court as the different counts in the declaration warranted. Under the circumstances, the charge as a whole did not unduly emphasize the plaintiff's evidence or fail to protect the defendant's rights in this regard.

By his twelfth exception, the defendant claims substantially that the trial justice charged the jury to disregard an alleged statement of the defendant, appearing in the police memorandum, which was material to the requests for special findings; and that this was error because the statement was a part of the whole memorandum and, under the circumstances, should be considered and given its natural probative effect as if admissible. An examination of the portion of the charge referred to discloses that actually the trial justice merely instructed the jury that it could not consider the alleged statement for the purpose of proving that "the plaintiff in fact walked into the side of the defendant's car." The statement in the memorandum is "Duggan (the defendant) said . . . the man (the plaintiff) walked into his right front fender and fell to the ground."

However, assuming that the charge had the effect of preventing the jury from considering the statement as it actually appeared in the memorandum, we are of the opinion that there was no error in the charge as given. The state-

ment relied upon is a severable part of the whole memorandum, separate from the defendant's admissions against interest, and is plainly hearsay evidence in the nature of a self-serving statement, as the trial justice pointed out in this portion of the charge. Its natural probative effect, in the circumstances and evidence here, is not by itself competent proof of the principal fact that the plaintiff did walk into the side of the defendant's car, which fact it purports to allege.

In our opinion, the trial justice correctly applied to the evidence here the law relating to hearsay evidence in the nature of a self-serving statement, which has been recognized and applied heretofore by the court in circumstances substantially similar in principle. See *Sherman, Admr.* v. *Stafford Mfg. Co.*, 23 R. I. 529; *White* v. *Berry*, 24 R. I. 74, 75; *Bowen* v. *White*, 26 R. I. 68, 73; *Lewis Mears Co.* v. *Norfolk Company Creamery*, 48 R. I. 221, 222.

By his thirteenth exception, the defendant contends that the trial justice erred in not granting his motion for a new trial. In our discussion of defendant's other exceptions, it sufficiently appears that the evidence was reasonably open to different interpretations and conclusions and, in our opinion, presented material issues of fact peculiarly within the province of the jury to determine. Both of the requests for special findings, which were submitted to the jury, were answered adversely to the defendant's contention that the plaintiff walked into the side of the defendant's car.

The trial justice, who had the opportunity of hearing and seeing the witnesses, has approved the verdict of the jury, including the amount awarded as damages. In our opinion, there is sufficient legal evidence to support the verdict and its approval by the trial justice. *Gallo* v. *Simpson Spring Co.*, 55 R. I. 410. While the amount of the damages, about which the defendant also complains, appears to us as somewhat liberal, we are not justified in arbitrarily substituting

our judgment in this regard for that of the jury and trial court in the absence of a showing that the verdict was so grossly excessive as to show that it resulted from bias or prejudice, or improper influence, or from a misconception of the evidence or law. *Faltinali* v. *The Great Atlantic & Pacific Tea Co.*, 55 R. I. 438, 452.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*Woolley & Blais, John F. Quinn,* for plaintiff.

*Fergus J. McOsker,* for defendant.